Flora ANTONIO DE VENEGAS,
Petitioner,

v.

Jefferson B. SESSIONS III, Attorney
General, Respondent.

No. 14-70441

United States Court of Appeals,
Ninth Circuit.

Submitted November 15, 2017 *

Filed November 20, 2017

James B. Rudolph, Esquire, Attorney, Rudolph, Baker & Associates, San Diego, CA, for Petitioner

Carlton Frederick Sheffield, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: CANBY, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Flora Antonio de Venegas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her motion to terminate removal proceedings and ordering her removed. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo questions of law. *Ali v. Holder*, 637 F.3d 1025, 1028-29 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on implausibility in Antonio de Venegas' and her husband's testimony, and inconsistencies between Antonio de Venegas's testimony and information contained in the record of sworn statement. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010) (adverse credibility determination supported under the totality of circumstances). Antonio de Venegas's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Substantial evidence supports the agency's finding that Antonio de Venegas is removable under 8 U.S.C. § 1182(a)(6)(E)(i), for knowingly assisting another alien in seeking entry into the United States in violation of the law. *See Altamirano v. Gonzales*, 427 F.3d 586, 592 (9th Cir. 2005) (requiring an affirmative act of assistance in order to establish alien smuggling).

We reject Antonio de Venegas' contention that the BIA failed to consider evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.